bar

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:12-CR-00198-MCE |
| Plaintiff, | |
| v. | **ORDER** |
| SHAWN THOMPSON, | |
| Defendant. | |

Defendant Shawn Thompson ("Defendant") pled guilty to two counts of Unlawful Use of a Communication Facility in violation of 21 U.S.C. § 843(b) and was sentenced to 96 months of imprisonment. On August 19, 20155, pursuant to the parties' stipulation, the Court reduced Defendant's sentence to 92 months. ECF No. 551. Presently before the Court is Defendant's motion for a further reduction. ECF No. 889. This matter was referred to the Office of the Federal Defender, which subsequently filed a notice indicating that it would not be supplementing Defendant's motion. ECF No. 914. The Government opposes Defendant's request. ECF No. 1050.[1] For the reasons that follow, that Motion is DENIED.

///

---

[1] In its opposition, the Government argues primarily that Defendant is not entitled to a reduction because he is a career offender. That argument is inconsistent with the Government's position as articulated in the parties' stipulation. See ECF No. 551.

1

Defendant seeks to reduce his sentence in light of the United States Sentencing Commission's passage of Amendment 782.  Generally, Amendment 782 revised downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1.  Although Amendment 782 became effective November 1, 2014, it applies retroactively.  See U.S.S.G. § 1B1.10(d), (e)(1).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." Dillon v. United States, 560 U.S. 817, 821 (2010). "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." Id. "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" Id. (quoting U.S.S.G. § 1B1.10(b)(1)).  Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted "'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" Id. at 822. "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'"[2] Id.  In addition, "a reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Defendant is not eligible for a reduction because the Court has already reduced his sentence to the bottom of the amended guidelines range.  Defendant's original total offense level was 25.  With a Criminal History Category VI, the guideline range was thus 110 to 137 months.  Since 48 months was the statutory maximum on each count, the

---

[2] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities."  U.S.S.G. § 1B1.10(b)(2)(B).

Court sentenced him consecutively to 96 months. A 2-level reduction results in an offense level 23 and a guidelines range of 92-115 months. Since Defendant may not be sentenced to a term that is less than the low end of the applicable guidelines, which he already has been pursuant to the parties' stipulation, his Motion (ECF No. 889) is DENIED.[3]

IS SO ORDERED.

Dated: April 27, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Defendant's remaining arguments are rejected as insufficient to warrant re-sentencing as well. In addition, the Government's argument that Defendant is ineligible for a reduction because he is a career offender is moot in light of the fact that his sentence has already been reduced.